UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CLIFTON OMAR ROBINSON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 1:04-cr-178 |
| | ) | 1:09-cv-254 |
| | ) | *Collier* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Clifton Omar Robinson ("petitioner"). At the time petitioner filed the form § 2255 motion, he also filed a supporting memorandum together with a motion for leave to file an oversized brief. The Clerk's Office filed the supporting memorandum and thus his motion for leave to file an oversized brief (Court File No. 88) will be **DENIED** as **MOOT**.

The government has filed its response to the § 2255 motion. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render

the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner was charged with the following offenses in a four-count indictment: felon in possession of a firearm (count one); possession with intent to distribute more than 500 grams of cocaine (count two); possession with intent to distribute marijuana (count three); and possession of a firearm in furtherance of a drug trafficking offense (count four). He pleaded guilty, without benefit of a plea agreement, to count two and the remaining counts were dismissed. Petitioner was sentenced as a career offender to a term of imprisonment of 292 months, the bottom of his guideline sentence range. (Court File No. 75, Judgment).

In support of his guilty plea, petitioner agreed to the following factual basis that was filed by the government:

> On or about October 19, 2004, the McMinn County Sheriff's Department received information that an individual was selling marijuana at the Heritage Motel in Athens, in the Eastern District of Tennessee. Upon arrival at the hotel, deputies obtained consent to search from Jamaica Scruggs and discovered her to be in possession of approximately tens [sic] (10) pounds of marijuana. Scruggs immediately cooperated with the sheriff's deputies. She stated that on October 18, 2004, she and Latoya Gallaher, the girlfriend of the defendant, went to the residence of the defendant where Gallaher removed a large quantity of marijuana from the residence. She also told the police that Gallaher had more marijuana, and she led deputies to the residence of the defendant located at 133 County Road 202, Athens, McMinn County, in the Eastern District of Tennessee.
>
> The police contacted Gallaher who also cooperated. She stated that she was the defendant's girlfriend and confirmed that she and Scruggs had stolen marijuana from his house. She further admitted that she had more marijuana in a light blue back pack at her apartment. She consented to a search of her apartment where the police found a light blue back pack which contained marijuana. Gallaher further stated that she stayed at the defendant's house a lot and that there was more marijuana there.
>
> Based on this information, McMinn County Sheriff's Deputy Kenneth Pruitt went to the defendant's house to speak with him and obtain a consent to search his house. Upon arriving at the defendant's house, Pruitt learned that he had just left the residence. There was some indication that he had left because he knew the police were coming there to talk to him. Pruitt issued a be-on-the-lookout (BOLO) for the defendant's car. MCSO Detective Jerry Wilson found the defendant at a store close by his house. He and Pruitt talked to the defendant and told him that they wanted to search his house and why they wanted to do so. The defendant told them that the only thing in there was small, user amount of marijuana. After the defendant made this statement, he was arrested and Pruitt applied for and obtained a state search warrant for the defendant's house, premises, and vehicles.
>
> Pruitt executed the search warrant at the residence of the defendant located at 133 County Road 202, Athens, McMinn County, Tennessee. Inside the residence deputies recovered two bags filled with pills that field tested

positive for the controlled substance ecstasy, two (2) one-ounce bags filled with white powder that field tested positive for cocaine, two sets of digital scales, several bags of marijuana, a loaded Smith and Wesson 9mm pistol with three clips of ammunition, and a box of Remington 9mm ammunition. The firearm and ammunition were manufactured outside the state of Tennessee and had been shipped in and affected interstate commerce. The loaded firearm and magazines were found underneath the defendant's bed in the master bedroom. The cocaine and a portion of the marijuana was also found in the master bedroom.

McMinn County deputies also searched a vehicle registered to the defendant located at the residence. Before searching the car, McMinn County SO Deputy BJ Johnson ran his K-9 partner, Brondo around the vehicle. Brondo did alert on the car. The deputies recovered the key to the car from the defendant at the jail and opened it. Inside the car they found one (1) large bag containing eighteen (18) one-ounce bags of cocaine and a second bag containing four (4) additional one-ounce bags of cocaine and approximately $11,000.00 in U.S. currency.

The TBI tested all of the cocaine found in the defendant's house and car and it weighed a total of 617.7 grams of cocaine.

The United States would have called at least three (3) cooperating defendants who would have testified that the defendant did sell cocaine, cocaine base, and marijuana and that they had bought these drugs and sold these drugs from and to the defendant from approximately 2001 until approximately 2004. Also, the TBI and DEA twice conducted controlled buys of cocaine from the defendant. One buy occurred in December of 2001 and the other took place in April of 2003. Before entering a guilty plea the defendant was aware of these defendants' names.

The defendant is a convicted felon, having received an eight-year-sentence for two different charges of possession of cocaine for resale on October 5, 2000.

All of the above occurred in the Eastern District of Tennessee.

(Court File No. 64, Factual Basis, pp. 1-3, ¶¶ a-i; Court File No. 82, Transcript of Change of Plea, pp. 8-9).

On direct appeal, petitioner claimed that his criminal history score was wrongly calculated, that he was improperly classified as a career offender, and that career-offender classification is unconstitutional. The Sixth Circuit rejected his arguments and affirmed the sentence. *United States v. Robinson*, 275 F. App'x 514 (6th Cir. April 24, 2008), *cert. denied*, 555 U.S. 935 (2008). In support of his § 2255 motion, petitioner alleges he received ineffective assistance of counsel. He also alleges that his conviction and sentence violate various constitutional rights.

III.  Discussion

   *A. Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular

case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of *Strickland* also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, (411 U.S. 258 (1973)), and *McMann v. Richardson*, (397 U.S. 759 (1970)). The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges several instances of ineffective assistance of counsel. The Court will consider each claim in turn.

**1. Plea negotiations.**

Petitioner alleges his attorney did not investigate or attempt to negotiate a favorable plea agreement, did not keep petitioner advised of plea negotiations, and failed to advise petitioner of the facts and law relevant to his decision to plead guilty. According to petitioner, had counsel properly negotiated with the government, he could have secured an agreement for a conditional guilty plea which would have allowed him to appeal the denial of the motions to suppress.

As discussed *infra*, counsel unsuccessfully moved to suppress the evidence against petitioner. Petitioner complains counsel did not secure a plea agreement that would allow him to appeal the denial of the motions to suppress evidence, but he does not identify what grounds for appeal would have been viable had he entered into a conditional guilty plea. In addition, petitioner waited until three days before trial, and well past the deadline for plea negotiations, before giving notice of his intent to plead guilty. (Court File No. 63, Notice of Intent to Plead Guilty). By that point, counsel would not have been able to negotiate a plea agreement with the government.

Moreover, petitioner cannot now claim he was not aware of the consequences of pleading guilty. In accepting petitioner's guilty plea, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. (Court File No. 82, Transcript of Change of Plea). The Court first determined that petitioner

was 25 years old and had obtained his GED degree. (*Id*. at 2). The Court next determined that petitioner was competent to enter a guilty plea. (*Id*. at 3). The Court then advised petitioner of the rights he was giving up by pleading guilty. (*Id*. at 3-4). The Court advised petitioner of the elements of the crime to which he was pleading guilty and which the government would be required to prove beyond a reasonable doubt. (*Id*. at 5). At the Court's request, the government stated on the record the minimum and maximum penalties that petitioner was facing. (*Id*.). The Court determined petitioner understood his sentence would be determined by the Court after referring to the applicable sentencing guidelines and other relevant information. (*Id*. at 7). Petitioner's claim that his attorney was ineffective with respect to his guilty plea lacks merit.

### 2. Motion to suppress.

Petitioner alleges his attorney failed to effectively move for suppression of the evidence. Counsel filed motions to suppress the evidence seized pursuant to the search warrant, to suppress the evidence found prior to issuance of the search warrant, and to suppress the evidence seized from petitioner's vehicle. (Court File No. 18, Motion to Suppress; Court File No. 20, Motion to Suppress; and Court File No. 30, Motion to Suppress, respectively). After two evidentiary hearings on the motions to suppress, the United States Magistrate Judge recommended the motions be denied. (Court File No. 45, Report and Recommendation). Over petitioner's objection, the Court adopted the report and recommendation and denied the motions to suppress. (Court File No. 48, Order).

Petitioner now claims that, but for his attorney's errors in moving to suppress the evidence, the results of the proceeding would have been different. Petitioner does not, however, elaborate on what errors his attorney made nor does he offer any additional arguments his attorney should have made in support of the motions to suppress. This claim of ineffective assistance of counsel lacks merit.

        **3. Sentencing.**

Petitioner alleges his attorney failed to investigate or present available evidence at sentencing, failed to object to false and unreliable evidence, and failed to effectively move for a downward departure or downward variance. Counsel filed objections to the presentence report and at sentencing argued unsuccessfully against petitioner's classification as a career offender. (Court File No. 77, Transcript of Sentencing Hearing, pp. 3-4). Counsel also asked the Court for leniency. (*Id.* at 9-10). The Court sentenced petitioner at the bottom of his guideline sentence range. Petitioner does not state what additional arguments counsel should or could have made. This claim of ineffective assistance of counsel lacks merit.

Based upon the foregoing, petitioner has failed to demonstrate he received ineffective assistance of counsel under the standard set forth in *Strickland*.

      *B. Constitutionality of Conviction and Sentence*

Petitioner alleges in Ground Two of his § 2255 motion that his conviction and sentence violated his rights under the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the U.S. Constitution. (Court File No. 86, § 2255 motion to vacate sentence,

p. 4). As supporting facts, he states only the following: "Mr. Robinson's Conviction And Sentence Are Violative Of His Right To Freedom Of Speech And To Petition, His Right To Be Free Of Unreasonable Search And Seizure, His Right To Due Process Of Law, His Rights To Counsel, To Jury Trial, To Confrontations Of Witnesses, To Present A Defense, And To Compulsory Process, And His Right To Be Free Of Cruel And Unusual Punishment Under The Constitution." (*Id*. at 4-5).

A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusive allegations. *See, e.g., Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962). Petitioner has failed to prove his claim that his rights under the Constitution were violated and he is not entitled to relief on this claim.

IV.  Conclusion

Petitioner has failed to demonstrate he received ineffective assistance of counsel under the *Strickland* standard or otherwise that his constitutional rights were violated. He is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma

pauperis on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

AN APPROPRIATE ORDER WILL ENTER.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**